Mem. — Wells, J. during this term was engaged in the trial of issues in the county of Washington, and took no part in the decision of the cases in Waldo at this term.

---

## Peter Hardy, 3d, *versus* John W. Sproule & al.

A part owner of a vessel is not relieved from his joint liability for the wages of a seaman, who was employed on the credit of the owners by the master, although the master was appointed by the other part owner, and although he had forbade both the master and said other part owner to employ the vessel at all, unless such prohibition was known to the seaman.

This was an action of assumpsit for wages as a mariner on board defendant's vessel, of which Billings P. Hardy was master. Joseph P. Hardy, one of the defendants, was defaulted.

It appeared that three quarters of the schooner were owned by Joseph P. Hardy, and the other quarter by the defendant; that the master, while he was sailing the vessel by the month, hired the plaintiff on the credit of the owners.

The same master had commanded the vessel for two summers previous, and a part of that time sailed the vessel on shares. He was employed by Joseph P. Hardy, and had laid out part of the earnings upon the vessel, and had never paid Sproule any thing. It also appeared, that before the plaintiff

rendered his services, Sproule forbade the master and Joseph P. Hardy having any thing to do with said vessel.

Upon these facts, TENNEY, J. intending to reserve the questions of law for the whole Court, ordered a nonsuit.

*Hubbard,* for plaintiff, argued, 1st. That the master was a competent witness for the plaintiff. Abbott on Shipping, 475, 476, 484 ; 8 Mass. 483 ; 15 Mass. 424.

2d. That the fact of the master and Joseph P. Hardy, being forbidden having any thing to do with the vessel, could not affect the plaintiff's right to recover, for he had no notice of it ; and Hardy, owning three quarters of the schooner, had a right to appoint a master. Abbott, 70.

3d. There were shipping articles, over which plaintiff had no control ; and he had a right to suppose that Billings was the master ; besides, the U. S. statutes do not make contracts void, if there is no written agreement between master and crew, but only impose a penalty on the master.

*Dickerson,* for defendant, contended that a major owner of a vessel cannot make a minor owner liable against his will. For they are not partners. 6 Greenl. 76 ; 4 Pick. 13. The managing owner has only a general power. *Hall* v. *Thing,* 23 Maine, 461.

It has also been decided that a mortgagee out of possession is not liable for the necessaries of the vessel. *Winslow* v. *Tarbox,* 18 Maine, 132 ; 15 Johns. 298 ; 17 Pick. 441. Even if his name appears on the papers. 6 Greenl. 474 ; 20 Maine, 213.

The owner, *pro hac vice,* alone is liable for contracts of master. 4 Greenl. 264 ; 16 Maine, 413 ; 23 Maine, 17. The general owner is not liable for wages. 4 Pick. 298 ; 10 Mass. 483.

This is no hardship upon the seamen, for they have their remedy against the master and against the vessel. Abbott on Ship. 70. Besides the vessel was bonded, according to R. S. chap. 114, § 65, and when so bonded, the vessel sails at the risk of the bonding owner ; he is of course, liable to all per-

sons. Furthermore it does not appear that the vessel ever returned from her voyage.

The opinion of the Court was read at the ensuing December term, as drawn up by

WHITMAN, C. J. — Sproule, one of the defendants, resists the claim of the plaintiff upon the ground that he had forbidden the other part owner of the vessel, in which the plaintiff's services were performed, to employ her at all; but it does not appear by the bill of exceptions, that the plaintiff had any knowledge that such was the case. It is laid down that one part owner may render his co-tenant liable for repairs, and other necessaries for the employment of the ship, by ordering them upon the credit of all concerned. Abbott, 92, c. III, § 8. The case might be different if it should appear, that the plaintiff was hired with full knowledge, that the master and other owner, had employed the vessel at the time he served on board of her, contrary to the expressed determination of this defendant. Without such knowledge, the plaintiff would have had a right to suppose himself employed by the consent and for the use of all the part owners.

*The exceptions therefore are sustained.*